People v King (2024 NY Slip Op 01213)

People v King

2024 NY Slip Op 01213

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

112546
[*1]The People of the State of New York, Respondent,
v
Yvette King, Appellant.

Calendar Date:February 9, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Michelle E. Stone, Vestal, for appellant.
Letitia James, Attorney General, New York City (Ira M. Feinberg of counsel), for respondent.

Appeal from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered August 22, 2020, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Following an 18-month investigation by the Attorney General's Organized Crime Task Force into narcotics trafficking in multiple counties, a 229-count indictment was handed up in May 2017 that charged 31 people, including defendant, with conspiracy to sell narcotics, namely heroin, and various other drug-related crimes. Defendant was also charged with 23 other crimes, including 14 counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a weapon in the second degree after loaded handguns were found in her home upon execution of a search warrant. Pursuant to a negotiated plea agreement, defendant ultimately pleaded guilty to a single count of criminal sale of a controlled substance in the third degree in satisfaction of all charges, in exchange for a promised prison sentence of seven years to be followed by two years of postrelease supervision. County Court thereafter imposed the agreed-upon sentence. Defendant appeals.
Defendant's sole contention is that the prison sentence imposed is harsh and excessive, which she asks this Court to reduce to three years (see CPL 470.15 [3] [c]; [6] [b]). Defendant contends that her background, limited criminal history [FN1] and coercive and abusive relationship with one of the codefendants, described by the Probation Department as a major drug trafficker with a history of mistreating women, warrants a reduction in the negotiated sentence. However, the indicted charges concern defendant's direct role in this drug trafficking enterprise in which she was observed and overheard on wiretaps selling heroin to other dealers or users on 13 occasions between January and March 2017, permitted loaded guns and drug packaging paraphernalia to be present in her home and continued to participate in the drug conspiracy and distribution long after she separated from her boyfriend and he moved to another city in 2016. In view of the seriousness of defendant's criminal conduct over a protracted period of time, the advantageous plea deal in the face of potential lengthy and consecutive sentences if convicted of the charged crimes and the absence of compelling mitigating factors, we do not find that the agreed-upon sentence was unduly harsh or severe so as to warrant invoking our interest of justice power to reduce it (see CPL 470.15 [6] [b]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant has one prior felony conviction from Georgia for bail jumping in 2008 and a series of misdemeanor convictions dating back to 2000.